Patrick v 278 8th Assoc. (2021 NY Slip Op 07518)





Patrick v 278 8th Assoc.


2021 NY Slip Op 07518


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Webber, J.P., Mazzarelli, Gesmer, González, Rodriguez, JJ. 


Index No. 25885/17E Appeal No. 14925 Case No. 2021-01553 

[*1]Matthew E. Patrick, Plaintiff-Respondent,
v
278 8th Associates, et al., Defendants-Appellants.
278 8th Associates, et al., Third-Party Plaintiffs-Appellants,
v
The Gap, Inc., Third-Party Defendant-Appellant.


Varvaro, Cotter, & Bender, White Plains (Rose Cotter of counsel), for 278th 8th Associates, 278 8th Avenue Associates LLC, John Q. Aymar Corporation, Jack Jemal and Midboro Management, Inc., appellants.
McAndrew Conboy & Prisco, LLP, Melville (Peter G. Prisco of counsel), for The Gap, Inc., appellant.
Burns & Harris, New York (Judith F. Stempler of counsel), for respondent.



Order, Supreme Court, Bronx County (Elizabeth A. Taylor, J.), entered April 7, 2021, which denied defendants/third-party plaintiffs' and third-party defendant's motions pursuant to CPLR 510(1)to change venue to New York County, unanimously affirmed, without costs.
The court properly found that defendants' and third-party defendant's motions to change venue were not timely under CPLR 511(a) and (b) because they were not made promptly after the movants obtained information sufficient to put them on notice that plaintiff may not have resided in Bronx County at the time the action was filed. Although the summons and complaint filed on June 30, 2017 stated that plaintiff resided in that county, his residence was listed as New York County in the verified bill of particulars dated December 8, 2017. The venue motions were not filed until almost two years later.
In any event, plaintiff demonstrated that he resided in Bronx County when the action was filed. Plaintiff stated in his affidavit that, due to marital problems, he moved from the Manhattan apartment he shared with his wife and children to a friend's home in the Bronx in February or March 2017 and that he remained in the Bronx apartment until April 2019. This was confirmed by affidavits signed by his wife and the friend with whom he shared the apartment in the Bronx. Plaintiff's continuous residence in the Bronx for this extended period of time demonstrates a degree of permanency that warrants denial of the motion to change venue (see Ray-Ollenu v Kaufman Mgt. Co., 107 AD3d 476 [1st Dept 2013]). Moreover, a party may have two residences for venue purposes, and plaintiff demonstrated that Bronx County was at least one of his residences (CPLR 503[a]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021